■ YOUSIFE J. GEORGE et al., Appellants, v ANTHONY M. LUMBRAZO et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting summary judgment dismissing plaintiffs' entire complaint seeking damages from the alleged fraudulent sale of a house by defendants Lumbrazos. The "as is" and general merger clauses in the purchase contract are not specific

disclaimers, and do not preclude an examination into whether there was fraud in the inducement of the contract *(see, Chopp v Welbourne & Purdy Agency,* 135 AD2d 958; *Caramante v Barton,* 114 AD2d 680). The presence of such clauses is merely a circumstance for the jury to consider on the question of reliance *(Angerosa v White Co.,* 248 App Div 425, *affd* 275 NY 524). Although there were no express representations made by the Lumbrazos, fraud may, nevertheless, be found if conduct amounting to active concealment is shown *(see, Kuelling v Lean Mfg. Co.,* 183 NY 78; *17 E. 80th Realty Corp. v 68th Assocs.,* 173 AD2d 245; *Stambovsky v Ackley,* 169 AD2d 254).

A question of fact exists, therefore, whether the Lumbrazos deliberately concealed the cracks in the dining and living room walls by covering them with paneling. Proof of active concealment alone, however, will not support a fraud action where the vendee should have known of the defect *(Calspan Corp. v Fingermatrix, Inc.,* 104 AD2d 1016; *see generally,* 60 NY Jur 2d, Fraud and Deceit, § 143). Thus, whether plaintiffs should have discovered the defect by reasonable inspection also becomes a question of fact. Supreme Court should not, therefore, have granted summary judgment with respect to that claim, and it is reinstated. The other defects, however, were readily discoverable by the exercise of reasonable diligence, and the claims associated with them were properly dismissed.

Supreme Court prematurely acted upon the Coldwell Banker and Strohecker motion for summary judgment and dismissed plaintiffs' action against them. That portion of the order granting the motion is reversed. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Dismiss Complaint.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.