■ STATE UNIVERSITY CONSTRUCTION FUND, Plaintiff, v AETNA CASUALTY & SURETY COMPANY, Defendant and Third-Party Plaintiff-Respondent. JOHN G. ALIBRANDI et al., Third-Party Defendants-Appellants.—Mahoney, J. Appeal from an order of the Supreme Court (Conway, J.), entered December

12, 1991 in Albany County, which, upon reconsideration, *inter alia,* granted defendant and third-party plaintiff's motion for summary judgment against third-party defendant John G. Alibrandi.

In 1970, plaintiff contracted with JGA Construction Corporation (hereinafter JGA), a general contractor, to construct the health and physical education center at the State University of New York at Cortland (hereinafter the Cortland project). In connection therewith, JGA obtained a $9.8 million performance bond from defendant. Claimed defects in the construction ultimately led to plaintiff commencing, *inter alia,* an action against defendant to collect on the performance bond.

Approximately 11 years after commencement of this action, defendant interposed a third-party claim against John G. Alibrandi and Elsie Alibrandi, the founders of JGA, seeking defense and indemnification based upon a general contract of indemnification entered into by the Alibrandis with defendant in 1965 in connection with another construction project JGA had pending at the time (hereinafter the Canton project). This agreement, the interpretation of which forms the basis of this appeal, provides, in pertinent part, that the Alibrandis, in their individual capacities, will: "at all times indemnify and keep indemnified the Surety, and hold and save it harmless from and against any and all damages, loss, cost, charges and expenses of whatever kind or nature, including counsel and attorney fees * * * which it shall or may at any time sustain or incur by reason or in consequence of its suretyship or procurement of suretyship, or which it may sustain or incur in connection with any litigation, investigation, collection or premiums, or other matter connected with such suretyship, including any suit instituted to enforce the obligations of this agreement of indemnity". The agreement also contained the following language, in bold type at the end thereof: "The undersigned Indemnitors(s) fully appreciate that this agreement is intended to cover whatever bonds (whether or not covered by any application signed by any one or more of the Indemnitors—such application to be considered between the parties hereto as merely supplementary to this General Contract of Indemnity) may be executed by the Surety on behalf of the undersigned Indemnitor(s), or any one of them, from time to time, and over an indefinite period of years, until this agreement shall be cancelled in accordance with the terms hereof. We have read this indemnity agreement carefully.

There are no separate agreements or understandings which in any way lessen our obligations as above set forth." No changes to the contract have been made since its execution in 1965 and it has not been canceled.

Following an initial motion for summary judgment by defendant which was dismissed on procedural grounds *(see, State Univ. Constr. Fund v Aetna Cas. & Sur. Co.,* 169 AD2d 52), the Alibrandis moved to compel disclosure. In response, defendant moved again for summary judgment, contending that by its terms the indemnity agreement applied to the Cortland project and operated to render the Alibrandis personally liable. The Alibrandis opposed the motion, arguing, *inter alia,* that the action was barred by laches and, in any event, that the agreement was only intended to apply to the Canton project because of the peculiarities attendant thereto and was not intended to reflect a continuing obligation. In addition, Elsie Alibrandi asserted that the signature on the indemnity agreement was not hers. The Alibrandis also cross-moved for leave to serve an amended answer to include the defense of fraud. Supreme Court initially granted defendant's motion in its entirety but, upon reconsideration, determined that a triable issue of fact existed with regard to the authenticity of Elsie Alibrandi's signature on the indemnity agreement and denied the motion for summary judgment as against her. The other relief sought by the Alibrandis was dismissed as moot. The Alibrandis appeal.

Addressing first the issue of laches, even assuming, arguendo, that the defense is applicable here notwithstanding that the instant declaratory judgment action is an action at law and it was commenced within the applicable Statute of Limitations *(see, Republic Ins. Co. v Real Dev. Co.,* 161 AD2d 189; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701), in our view the Alibrandis have failed to sustain the showing necessary to warrant its application *(see generally, Dwyer v Mazzola,* 171 AD2d 726, 727; 75 NY Jur 2d, Limitations and Laches, § 333, at 538). In view of the fact that they knew as of 1977 that plaintiff had sued defendant on its performance bond issued in connection with the Cortland project and inasmuch as the plain language of the 1965 indemnity agreement made clear that their personal liability could extend to the Cortland bonds, it simply cannot be said that the Alibrandis lacked knowledge or notice that defendant would assert a claim against them under the agreement.

Turning to the merits, inasmuch as John Alibrandi seeks to

create triable issues of fact solely through the use of parol evidence, resolution of the propriety of Supreme Court's grant of summary judgment against him turns upon whether parol evidence is admissible in this instance. In our view, it is not. Notwithstanding John Alibrandi's contentions to the contrary, we see no ambiguity in the agreement necessitating the admission of parol evidence as an aid to interpretation. The argument clearly and unambiguously provides that John Alibrandi's personal indemnity extends to all bonds executed by defendant on his behalf over an indefinite period of time until canceled by either party. Nor do we believe that in this instance John Alibrandi may introduce parol evidence to establish that his consent was obtained by fraud, i.e., that he was duped into signing the agreement by defendant's alleged representation that his personal indemnity would be needed only for the Canton project because of its unique risks. While parol evidence is generally admissible to establish that one's consent was obtained by fraud *(see, Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *Bailey v Diamond Intl. Corp.,* 47 AD2d 363, 365-366; *see generally,* Richardson, Evidence § 609, at 604 [Prince, 10th ed]), it is not admissible to prove the existence of fraud as an inducement to execution of the contract in situations where the challenged agreement contains a specific disclaimer clause which disclaims the making of any representation as to the particular matter concerning which the fraud is now being asserted *(see, Danann Realty Corp. v Harris,* 5 NY2d 317, 320; *see also, Citibank v Plapinger,* 66 NY2d 90, 94; *Marine Midland Bank v Cafferty,* 174 AD2d 932, 933).

In our view, the language set forth in bold type at the end of the agreement (quoted above) specifically disclaims the making of any representation that the agreement applied only to the Canton project and, as such, precludes the introduction of parol evidence to establish that the specifically disclaimed representations were fraudulent *(see,* Fisch, NY Evidence § 53, at 35 [2d ed]). Even if not a specific disclaimer, as we recently recognized, the rationale underlying the Court of Appeals' decisions in *Danann Realty Corp. v Harris (supra)* and *Citibank v Plapinger (supra)* is applicable in any case where an express provision in a contract contradicts a prior alleged oral representation "in a meaningful fashion" because in those instances "the conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter" *(Bango v Naughton,* 184 AD2d 961, 963; *see, Clanton v Vagianellis,* 187 AD2d 45). Such is clearly

the case here. Accordingly, John Alibrandi cannot be heard to claim reliance upon the alleged misrepresentations, a fact which is fatal to his assertions of fraudulent inducement and his proposed fraud defense.

We have reviewed the remainder of the contentions raised by the Alibrandis and find them to be without merit. However, inasmuch as Supreme Court ultimately denied the motion for summary judgment as against Elsie Alibrandi, it was error to dismiss as moot that part of the other relief she sought, namely, her cross motion to amend the answer to interpose the defense of fraudulent inducement. However, because it is clear for the reasons noted above that the defense of fraudulent inducement cannot be supported due to inability to introduce evidence of reliance, her motion must be denied *(see, e.g., Mathiesen v Mead,* 168 AD2d 736; *Wieder v Skala,* 168 AD2d 355).

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied as moot the motion by third-party defendant Elsie Alibrandi to amend the answer; said motion denied on the merits; and, as so modified, affirmed.