■ JACQUELINE COUCH et al., Respondents, v VIRGINIA M. SCHMIDT, Appellant, et al., Defendant. [612 NYS2d 511] —Weiss, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered March 18, 1992 in Rockland County, which, *inter alia,* denied defendant Virginia M. Schmidt's motion for summary judgment dismissing the complaint against her.

On September 25, 1989, defendant Virginia M. Schmidt (hereinafter defendant) contracted to sell her home in the Town of Orangetown, Rockland County to plaintiffs. The contract, which included a general merger clause of all pre-contract representations, stated that the premises were sold "as is" and specifically provided that the seller (defendant) made no representations as to physical conditions except as itemized. The contract also stated that the purchasers (plaintiffs) had inspected the building and were acquainted with its condition. The contract further provided plaintiffs with the option of having a structural inspection performed, and if an unsatisfactory condition was found defendant could opt to correct the deficiency or declare the contract a nullity and return the down payment. Certain defects were discovered upon inspection and the contract was modified to reflect these. After the property was conveyed on December 15, 1989, plaintiffs discovered a flooding problem in the basement. They commenced this action alleging, *inter alia,* fraud and breach of contract. Defendant answered and counterclaimed alleging

abuse of process, harassment and that the action was frivolous.

Defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment dismissing the counterclaims. Finding issues of fact,* Supreme Court denied the motions except to dismiss the second and third counterclaims for failure to state a cause of action. Defendant has appealed.

Initially, we find that defendant established a prima facie showing that she did not breach either the terms of the contract or the terms of the deed. She transferred the property "as is" pursuant to the terms of the contract using a bargain and sale deed without warranties. In view of the evidence submitted by defendant, it was incumbent upon plaintiffs to make an evidentiary showing that an issue of fact existed. The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to demonstrate that the matters alleged are real and capable of being established upon a trial *(Zuckerman v City of New York,* 49 NY2d 557). Plaintiffs have failed in their opposition to the motion to show any evidence of a breach of any term in the contract or deed. Accordingly, defendant is entitled to summary judgment dismissing the second and fourth causes of action.

The remainder of plaintiffs' claims against defendant are in the nature of fraud alleging failure to disclose, misrepresentation and deliberate fraudulent concealment of a significant building defect. In her motion, defendant denied making representations other than those specifically contained in the contract, a fact which has not been challenged by plaintiffs *(see, Zuckerman v City of New York, supra).* A seller of real property is under no duty to speak when the parties deal at arms' length and mere silence is not actionable as a fraud *(London v Courduff,* 141 AD2d 803, 804, *lv dismissed* 73 NY2d 809). Moreover, specific disclaimers directly addressing the physical conditions of premises, such as those contained in the instant contract, go beyond generalized merger clauses and defeat plaintiffs' allegations that they relied upon defendant's oral representations as to these physical conditions *(see, State Univ. Constr. Fund v Aetna Cas. & Sur. Co.,* 189 AD2d 929, 932; *Clanton v Vagianelis,* 187 AD2d 45, 47; *see also, Danann*

---

* In its decision/order, Supreme Court failed to articulate its reasoning or identify which factual issue remained unresolved, thus denying this Court the benefit of its reasoning *(see, Dworetsky v Dworetsky,* 152 AD2d 895).

*Realty Corp. v Harris,* 5 NY2d 317). Accordingly, defendant is entitled to summary judgment dismissing the third cause of action, excepting that part alleging deliberate concealment. Defendant did not address the first cause of action alleging fraudulent concealment, a defect requiring denial of that part of the motion *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *see also, George v Lumbrazo,* 184 AD2d 1050, 1051, *lv dismissed* 81 NY2d 759).

We further find that defendant's second and third counterclaims were properly dismissed for failure to state causes of action. Defendant's claim for "harassment" by plaintiffs in the commencement of this action is an attempt to make a hybrid claim with some, but not all, of the necessary elements of abuse of process, malicious prosecution and intentional infliction of emotional harm. The gravamen of the second counterclaim is that plaintiffs commenced an action without a basis for the purpose of harassing her and causing financial and emotional harm, which we find fails to state a cognizable cause of action. With respect to the third counterclaim, while CPLR 8303-a provides for assessment of sanctions in the nature of costs and counsel fees in a proper case, it does not create an independent cause of action *(see, Rose Val. Joint Venture v Apollo Plaza Assocs.,* 191 AD2d 874).

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Virginia M. Schmidt's motion regarding the second, third (except that part alleging deliberate concealment) and fourth causes of action; motion granted to that extent, summary judgment awarded to Schmidt and said claims dismissed; and, as so modified, affirmed.