KENNETH R. SCHOOLEY et al., Doing Business as SCHOOLEY ASSOCIATES, Appellants, v DARLENE MANNION et al., Doing Business as CIRCULAR STREET ASSOCIATES, et al., Respondents. [659 NYS2d 374] —Spain, J. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered April 4, 1996 in Saratoga County, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to state a cause of action, with prejudice.

In August 1992 plaintiffs, as purchasers, and defendant Circular Street Associates, the seller, executed a "CONTRACT FOR PURCHASE AND SALE OF REAL ESTATE" for property located at 156 Circular Street, a nine-unit apartment building located in the City of Saratoga Springs, Saratoga County. The contract contained a "CONDITIONS OF PREMISES" clause wherein the parties agreed that the premises were to be transferred " 'as is' ". After plaintiffs took possession of the property, tenants began to complain about freezing pipes and unusually high electric bills. In the course of performing routine maintenance and adding gas heating to certain units in an attempt to lower bills, plaintiffs discovered that the property was not insulated according to alleged representations made by defendant Darlene Mannion, a partner in Circular and the listing real estate agent for defendant Bob Howard, Inc., and as stated in documents provided to plaintiffs by defendants.

Plaintiffs commenced the instant action seeking damages for fraud in the inducement and for breach of warranty. The first cause of action alleged, *inter alia*, that Mannion, individually and in her capacity as an agent of Bob Howard, induced plaintiffs to enter into the purchase and sale agreement by making false and fraudulent misrepresentations that the property had been fully insulated. The second cause of action sought punitive damages because the representations were allegedly known by defendants to be false and were malicious. Thereafter, defendants moved for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the complaint for failure to state a cause of action and based upon a documentary evidence defense. Supreme Court granted defendants' motion and dismissed the complaint with prejudice. Plaintiffs appeal.

We reverse. Initially, we note that our inquiry is limited to

whether any viable cause of action can be gleaned from the complaint.* When deciding whether plaintiffs have stated a cause of action the court must consider plaintiffs' allegations, asserted in both the complaint and any accompanying affidavits submitted in opposition to the motion, " 'as true and resolve all inferences which reasonably flow therefrom in favor of the [plaintiffs]' " (*Joel v Weber*, 166 AD2d 130, 135-136). "While generally prior negotiations and agreements regarding a sale of land merge into the deed * * * the merger doctrine is inapplicable where, as here, a cause of action is based on fraud" (*Lawlor v Engley*, 166 AD2d 799, 800 [citations omitted]; *see, Sherman Partners Assocs. v 272 Sherman Assocs.*, 160 AD2d 992; *Snyder v Potter*, 134 AD2d 664, 665; *Caramante v Barton*, 114 AD2d 680, 683).

Moreover, general merger or "as is" clauses in contracts do not serve to exclude parol evidence of fraud in the inducement (*see, Sabo v Delman*, 3 NY2d 155, 161; *Landes v Sullivan*, 235 AD2d 657, 658-659; *Callahan v Miller*, 194 AD2d 904, 905). Notably, specific disclaimers contained within an agreement can provide an effective defense against allegations in a complaint which assert that the agreement was executed in reliance upon oral misrepresentations (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 320; *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 189 AD2d 929, 932). Here, although the contract in question indicated that plaintiffs were taking the property " 'as is' ", it did not indicate that plaintiffs had inspected the property (*cf., Couch v Schmidt*, 204 AD2d 951); nor did it specify that they were *not* relying upon any representations as to the physical condition of the property (*cf., Landes v Sullivan, supra*, at 659), let alone any representations made regarding the installation of insulation. Furthermore, even if the contract had contained specific disclaimers, the fact that the alleged defect regarding insulation was peculiarly within Circular's knowledge would be sufficient to salvage plaintiffs' cause of action. It is significant that Circular is alleged to have recently gutted and renovated the entire property and that insulation is a nonvisible component, not easily verified without destructive testing.

In our view, a clear question of fact exists regarding whether defendants misrepresented the existence of insulation throughout the premises and, if so, whether plaintiffs reasonably relied on such statements (*see, George v Lumbrazo*, 184 AD2d 1050,

---

* Notably, Supreme Court failed to articulate its reasoning for granting defendants' motion to dismiss, thus denying this Court the benefit of its reasoning (*see, Dworetsky v Dworetsky*, 152 AD2d 895).

1051, *lv dismissed* 81 NY2d 759; *17 E. 80th Realty Corp. v 68th Assocs.*, 173 AD2d 245).

Mikoll, J. P., Crew III, Casey and Carpinello, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion; said motion denied; and, as so modified, affirmed.