■ STANLEY L. HOWARD et al., Appellants, v KEVIN R. WEAVER et al., Respondents, et al., Defendant. [664 NYS2d 49] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered July 5, 1996, which granted defendants-respondents' motions to dismiss the complaint as against them for failure to state a cause of action, unanimously affirmed, without costs.

The IAS Court properly applied the doctrine of caveat emptor (*see, Stambovsky v Ackley*, 169 AD2d 254, 257; *East 15360 Corp. v Provident Loan Socy.*, 177 AD2d 280, 281) in holding that defendant sellers did not commit an actionable fraud in representing that the apartments in question were registered with the Division of Housing and Community Renewal as exempt from rent stabilization while not also revealing that the basis for the exemption was owner occupancy. The representation that was made was sufficient to place plaintiffs on inquiry notice with respect to the status of the apartments, but plaintiffs do not allege that they made any inquiries. The IAS Court also correctly held that defendant appraiser's report, commissioned *after* plaintiffs contracted to purchase the property, could not have caused plaintiffs' loss. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.

■ CHARLES CSEH, Individually and as Administrator of the Estate of KENNETH CSEH, Deceased, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [664 NYS2d 918] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about August 5, 1996, which denied defendant-appellant's motion to amend its answer to plead the affirmative defense of Statute of Limitations and, based thereon, to dismiss the complaint, unanimously affirmed, without costs.

We see no reason to reach a different result with respect to defendant Transit Authority from the one we reached with respect to defendant Roosevelt Hospital in the companion appeal (240 AD2d 270). We note that defendant Transit Authority not only failed to raise the Statute of Limitations in its answer, but affirmatively conceded, for over a 10-year period, the timeliness of plaintiff's action. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.