■ Leonard Gartner, Appellant-Respondent, v Young-Hee Lowe, Respondent-Appellant. [749 NYS2d 134] —Order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.), entered July 12, 2001, after a nonjury trial, which denied plaintiff purchaser's claim for specific performance of a contract for the sale of real estate, or, alternatively, for damages; granted defendant seller's request to declare the contract validly canceled as of April 16, 1997; denied defendant's counterclaims for damages; and directed defendant to return plaintiff's down payment, with interest, unanimously affirmed, without costs.

The trial court correctly concluded that plaintiff purchaser was not entitled to specific performance or damages because defendant seller validly canceled the contract pursuant to an exculpatory clause when she was unable to remove a tenant in her building prior to closing, and plaintiff did not indicate a willingness to accept the building with the tenant in occupancy.

Plaintiff was on notice that the basement apartment at issue was occupied prior to the execution of the contract. Since there is no evidence that defendant concealed anything that plaintiff could not have discovered for himself by appropriate inquiry, the trial court properly applied the doctrine of caveat emptor (see Howard v Weaver, 244 AD2d 225).

The trial court correctly determined that defendant's claims of fraud and unclean hands on the part of plaintiff were without merit. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.