Appeal from an order of Supreme Court, Erie County (Makowski, J), entered August 2, 2002, which granted defendant’s motion seeking summary judgment dismissing the complaint and denied plaintiffs cross motion seeking leave to amend the complaint.
*1040 It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Supreme Court properly granted defendant’s motion seeking summary judgment dismissing the complaint and properly denied plaintiff’s cross motion seeking leave to amend the complaint. Although leave to amend a complaint should be freely given (see CPLR 3025 [b]), where, as here the proposed amendment lacks merit, leave should be denied (see Shellberry v Albright, 281 AD2d 892, 892-893 [2001], lv dismissed in part and denied in part 97 NY2d 650 [2001]). Plaintiff purchased a house from defendant, who was his friend at the time. When he began to remodel the house, plaintiff discovered extensive structural and electrical deficiencies that were not visible before the removal of carpets, ceilings gnd sheet rock. Defendant did not advise plaintiff of any of those defects at the time of the sale. “The mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud” (London v Courduff 141 AD2d 803, 804 [1988], lv dismissed 73 NY2d 809 [1988]). Here, plaintiff concedes that defendant did not make any express representations with respect to the defects that he discovered. Rather, plaintiff contends that defendant made only general comments, such as “it was a great house.” Although a seller may be held liable for active concealment of a hidden defect (see generally 17 E. 80th Realty Corp. v 68th Assoc., 173 AD2d 245, 246 [1991]), defendant established that the defects at issue here were created and concealed prior to his ownership of the house, when defendant’s parents owned the house (cf. Stephens v Sponholz, 251 AD2d 1061 [1998]; George v Lumbrazo, 184 AD2d 1050, 1051 [1992], lv dismissed 81 NY2d 759 [1992], rearg denied 81 NY2d 835 [1993]). Although defendant was living in the house when the renovations resulting in the defects were made, he was a child and a young adult at the time. Thus, defendant established that he neither actively concealed the defects of the house, nor intentionally or negligently failed to disclose those defects to plaintiff, as alleged in plaintiffs proposed amended complaint. Plaintiff failed to raise an issue of fact sufficient to defeat defendant’s motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.