■ WANDA THOMAS RICHARDSON, Respondent, v UNITED FUNDING, INC., et al., Appellants. [792 NYS2d 511]—

In an action to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated February 6, 2004, as denied those branches of their motion for summary judgment which were to dismiss the complaint insofar as asserted against United Funding, Inc., and Arman Kohan.

Ordered that the appeal by the defendant Top Management Services, Ltd., is dismissed, on the ground that it is not ag-

grieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants United Funding, Inc., and Arman Kohan are granted, and the complaint is dismissed insofar as asserted against those defendants; and it is further,

Ordered that one bill of costs is awarded to the defendants United Funding, Inc., and Arman Kohan, payable by the plaintiff.

In this action it is alleged that the defendants United Funding, Inc. (hereinafter United), and its principal Arman Kohan engaged in active concealment of structural defects in premises sold by United to the plaintiff. "Proof of active concealment alone, however, will not support a fraud action where the vendee should have known of the defect" (*George v Lumbrazo,* 184 AD2d 1050, 1051 [1992]). The doctrine of caveat emptor does not apply to conditions which the plaintiff could not have discovered with due inquiry and/or inspection (*see Gartner v Young-Hee Lowe,* 299 AD2d 198 [2002]; *London v Courduff,* 141 AD2d 803, 804 [1988]). When a plaintiff has the premises inspected prior to the closing, the question of whether a plaintiff could have ascertained the facts with reasonable diligence based upon inspection is generally a question of fact for the jury (*see Gizzi v Hall,* 300 AD2d 879, 881-882 [2002]).

Here, the plaintiff acknowledged that she did not have the house inspected prior to the closing, which established, as a matter of law, that she did not exercise reasonable diligence. The report of her structural engineer, prepared approximately six months after the closing, indicated that at least some of the defects, such as defects observable on the facade, were exposed and could have been discovered upon reasonable inspection. Accordingly, the plaintiff failed to raise a triable issue of fact which would preclude the granting of summary judgment.

The parties' remaining contention need not be addressed in light of our determination. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.