■ RACHEL LAXER et al., Appellants, v UNNI EDELMAN, Individually and as Executrix of EDWARD EDELMAN, Deceased, et al., Defendants, and SOTHEBY'S INTERNATIONAL REALTY, INC., et al., Respondents. [905 NYS2d 649]—

In an action, inter alia, to recover damages for fraudulent inducement, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 20, 2008, as granted the motion of the defendants Sotheby's International Realty, Inc., Jan Quartner, and Sheila Stone, among other things, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the fall of 2006 the plaintiffs, Rachel Laxer and Richard Laxer, offered to purchase a single-family home on Heathcote Road in Scarsdale for the sum of $4,200,000. The residence was listed by the defendant Sotheby's International Realty, Inc., by its listing agents Sheila Stone and Jan Quartner (hereinafter collectively the Sotheby's defendants). The seller of the property, the defendant Unni Edelman, on behalf of herself and as executrix of the estate of Edward Edelman, accepted the offer. Before signing the contract of sale, the plaintiffs arranged for a home inspection. The resulting report, dated October 26, 2006, disclosed that there was a sump pump on the premises which, the report stated, indicated a history of water invasion. It also revealed other indications of a history of flooding, including possible mold. The plaintiffs hired an environmental consulting firm, which reported that there was visible mold in the areas it inspected, and it specifically warned of a water problem on the floor and in the closet of a children's playroom. The report also warned that the environmental inspection had utilized no "invasive procedures" and stated that there was no guarantee

that mold was not present in areas not evaluated. Nevertheless, the plaintiffs signed a contract dated November 5, 2006, to purchase the premises. The contract included representations that the purchasers had inspected the premises, were taking it in "as is/where is" condition, and were not relying on any representations by the seller or the seller's agent. After the closing, the plaintiffs attempted to remediate the mold condition and discovered that the mold and flooding problems in the residence were far worse than they had originally thought, and they eventually had the residence demolished.

The plaintiffs commenced this action against the Sotheby's defendants, Edelman, the home inspector, and the environmental firms. As relevant to this appeal, they alleged that the Sotheby's defendants fraudulently induced them to enter into the contract and actively concealed the defects in the premises. The Sotheby's defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. In the order appeal from, the Supreme Court, inter alia, granted the motion. We affirm the order insofar as appealed from.

"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller [or the seller's agent] for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller['s agent] which constitutes active concealment" of a defective condition (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]; *see Daly v Kochanowicz*, 67 AD3d 78, 87 [2009]; *cf.* Real Property Law §§ 462, 465). Moreover, even proof of active concealment will not suffice when the plaintiff should have known of the defect (*see Richardson v United Funding, Inc.*, 16 AD3d 570, 571 [2005]). A plaintiff seeking to recover damages for active concealment must show that the defendant "thwarted" the plaintiff's efforts to fulfill his or her responsibilities imposed by the doctrine of caveat emptor (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 245 [2009] [internal quotation marks omitted]; *see Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 593 [2008]).

Here, inspection reports obtained by the plaintiffs prior to entering into the contract for the purchase of the property, which the plaintiffs themselves attached as exhibits to their complaint, conclusively established that the plaintiffs were aware of flooding and mold issues relating to the property before they signed the contract of sale, and were aware that such issues might well be more extensive than already known. Consequently, those reports, which became part of the

complaint, and were submitted in support of the Sotheby's defendants' motion to dismiss, conclusively established that "a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 200 [2009]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]). There is no allegation that, once the plaintiffs were aware of these defects, the Sotheby's defendants did anything to thwart efforts to determine the extent of the problem (*see Daly v Kochanowicz*, 67 AD3d at 92).

Moreover, a cause of action alleging fraudulent inducement may not be maintained if specific disclaimer provisions in the contract of sale disavow reliance upon oral representations (*see Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]; *Roland v McGraime*, 22 AD3d 824, 825 [2005]; *Fabozzi v Coppa*, 5 AD3d 722, 723-724 [2004]; *Platzman v Morris*, 283 AD2d 561, 562-563 [2001]; *Masters v Visual Bldg. Inspections*, 227 AD2d 597, 597-598 [1996]). Here, the specific provisions in the contract of sale barred the causes of action alleging fraudulent inducement. The plaintiffs expressly represented in the contract that they had not relied on any statements by the Sotheby's defendants regarding the condition of the premises, and that representation "destroy[ed] the allegations in the complaint that the agreement was executed in reliance upon [such statements]" (*Danann Realty Corp. v Harris*, 5 NY2d at 320-321; *cf. DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 156 [2010]).

Accordingly, the Sotheby's defendants were entitled to dismissal of the complaint insofar as asserted against them (*see* CPLR 3211 [a] [7]).

The plaintiffs' remaining contention is not properly before this Court. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.