■ RACHEL LAXER et al., Respondents, v UNNI EDELMAN, Individually and as Executrix of EDWARD EDELMAN, Deceased, Appellant, et al., Defendants. [903 NYS2d 920]—

In an action, inter alia, to recover damages for fraudulent inducement, the defendant Unni Edelman, individually and as executrix of the estate of Edward Edelman, appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 29, 2008, as denied that branch of her motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action to recover damages for active concealment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action to recover damages for active concealment is granted.

The facts underlying this appeal are stated in our decision and order on a related appeal (*see Laxer v Edelman*, 75 AD3d 584 [2010] [decided herewith]). In an order entered March 20, 2008, the Supreme Court granted the motion of the defendant Unni Edelman, individually and as executrix of the estate of Edward Edelman (hereinafter Edelman), to dismiss the complaint insofar as asserted against her, but with leave to replead the cause of action seeking damages for active concealment of the alleged defective condition. After the plaintiffs filed an amended complaint, Edelman moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against her based on documentary evidence and failure to state a cause of action. In the order appealed from, the Supreme Court, inter alia, denied that branch of Edelman's motion which was to dismiss the first cause of action to recover damages for active concealment. We reverse the order insofar as appealed from.

That branch of Edelman's motion which was to dismiss the first cause of action alleging active concealment should have been granted for substantially the same reasons as stated in the companion appeal (*see Laxer v Edelman*, 75 AD3d 584 [2010] [decided herewith]). Here, too, there is no allegation that Edelman or anyone acting on her behalf did anything to thwart efforts to determine the extent of the problem when the plaintiffs became aware of defects in the premises before they signed the contract (*id.*; *see* CPLR 3211 [a] [7]; *Daly v Kochanowicz*, 67 AD3d 78, 92 [2009]). Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.