Gregory Sforza, Respondent, 
against
Albert Sarro, Appellant.




Albert Sarro, appellant pro se.
Gregory Sforza, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Fourth District (Joseph B. Girardi, J.), entered October 13, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,500.




ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the sum of $5,000, plaintiff alleged that there was no working cesspool or sewer in the home he had purchased from defendant, despite the fact that the contract of sale provided that "All plumbing including waste supply and septic systems are to be in working order." At a nonjury trial, the evidence established that, although defendant's tax bills contained sewer fees, defendant's house was not connected to the sewer system. Moreover, the cesspool at the property had been filled in prior to the closing, and it was uncontroverted that defendant had placed blacktop over it. Plaintiff's inspection report indicated that, according to defendant's real estate agent, sewers provided the waste removal system and that all the toilets and waste lines had been tested and appeared to be functioning properly. Following the trial, the District Court awarded plaintiff the principal sum of $1,500. Defendant appeals, arguing that plaintiff failed to establish any liability on defendant's part.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Since title to the property had closed and the deed was delivered, the doctrine of merger extinguished any claims plaintiff may have had regarding the contract of sale (see Lunal Realty, LLC v DiStano Realty, LLC, 88 AD3d 661 [2011]). Moreover, generally, the seller of real property is under no duty to speak when the parties deal at arm's length (cf. Real Property Law art 14). The mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud (see Moser v Spizzirro, 31 AD2d 537 [1968], affd 25 NY2d 941 [1969]; Perin v Mardine Realty Co., 5 AD2d 685 [1957], affd 6 NY2d 920 [1959]). The buyer has the duty to satisfy himself as to the quality of his bargain pursuant to the doctrine of caveat emptor, which in New York still applies to real estate transactions (see Daly v Kochanowicz, 67 AD3d 78 [2009]; Glazer v LoPreste, 278 AD2d 198 [2000]; London v Courduff, 141 AD2d 803 [1988]). However, plaintiff's claim is based on an active concealment of a known defect, which is an exception to the doctrines of merger and caveat emptor (see 17 E. 80th Realty Corp. v 68th Assoc., 173 AD2d 245 [1991] [dummy ventilation system constructed by seller]; Haberman v Greenspan, 82 Misc 2d 263 [Sup Ct, Richmond County 1975] [foundation cracks covered by seller]; see also McMullen v Propester, 13 Misc 3d 1232[A], 2006 NY Slip Op 52093[U] [Sup Ct, Yates County 2006]). Based on the foregoing undisputed facts, we find that the record was sufficient to establish that defendant had actively concealed the lack of a septic system (cf. Christiano v Chiarenza, 1 AD3d 1039 [2003]).
Defendant's contention that the action was barred by the Property Condition Disclosure Act (Real Property Law art 14) is without merit. Section 467 of the Real Property Law provides that nothing contained in article 14 shall be construed as limiting any existing legal cause of action or remedy at law. Consequently, we find that substantial justice was done between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019