Gordon v Connie Profaci Realty, LLC (2024 NY Slip Op 04762)

Gordon v Connie Profaci Realty, LLC

2024 NY Slip Op 04762

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-04384
 (Index No. 151391/21)

[*1]Nicholas Gordon, appellant, 
v
Connie Profaci Realty, LLC, et al., respondents.

Gomberg Legal, P.C., Ossining, NY (Stanislav Gomberg of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (James D. Spithogiannis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated May 10, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In July 2021, the plaintiff commenced this action against the defendants, a real estate brokerage, its owner, and its employee, to recover damages based upon fraud. According to the plaintiff, the defendants misrepresented the number of bedrooms in a home in Staten Island (hereinafter the home) in order to induce the plaintiff to purchase it. In October 2021, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. By order dated May 10, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 648 [internal quotation marks omitted]). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration. Dismissal of the cause of action is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Ikezi v 82nd St. Academics, 221 AD3d 986, 987 [alterations, citations, and internal quotation marks omitted]).
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Comora v Franklin, 171 AD3d 851, 853 [internal quotation marks omitted]). "A plaintiff's reliance must be reasonable. If the facts represented are not matters peculiarly within the defendant's knowledge, and the plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality [*2]of the subject of the representation, the plaintiff must make use of those means, or it will not be heard to complain that it was induced to enter into the transaction by misrepresentations" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872 [citations omitted]; see 98 Gates Ave. Corp. v Bryan, 225 AD3d at 649). Moreover, "in the context of real estate transactions, a claim of fraudulent misrepresentation must be analyzed within the doctrine of caveat emptor. New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (Hecker v Paschke, 133 AD3d 713, 716 [internal quotation marks omitted]; see Ader v Guzman, 135 AD3d 668, 670). Instead, "[t]he buyer has the duty to satisfy himself [or herself] as to the quality of his [or her] bargain pursuant to the doctrine" (London v Courduff, 141 AD2d 803, 804). "If[,] however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property. To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (Razdolskaya v Lyubarsky, 160 AD3d 994, 996 [citations and internal quotation marks omitted]). But "even proof of active concealment will not suffice when the plaintiff should have known of the" information which the defendant allegedly concealed (Laxer v Edelman, 75 AD3d 584, 585, citing Richardson v United Funding, Inc., 16 AD3d 570, 571).
Here, the plaintiff alleged that, after inspecting only four bedrooms, he executed the contract of sale in reliance upon the defendants' purported misrepresentations that the home contained six bedrooms (see Benjamin v Yeroushalmi, 178 AD3d 650, 654; Richardson v United Funding, Inc., 16 AD3d at 571). According to the plaintiff, during his visits to the home, the defendant Andrew S. Porazzo made certain statements indicating that two of the bedrooms were not available for inspection. Contrary to the plaintiff's contention, however, these allegations were insufficient under the circumstances to establish that the defendants thwarted his efforts to satisfy his obligations under the doctrine of caveat emptor (see Ader v Guzman, 135 AD3d 668, 670; Laxer v Edelman, 75 AD3d at 585-586). The plaintiff failed to allege facts demonstrating that the purported misrepresentations concerned "matters peculiarly within the defendants' knowledge which [he] could not have discovered by the . . . exercise of ordinary intelligence" (R. Vig Props., LLC v Rahimzada, 213 AD3d at 873; see Hecker v Paschke, 133 AD3d at 717). Since the plaintiff failed to adequately allege justifiable reliance, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint (see Benjamin v Yeroushalmi, 178 AD3d at 654).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court