Chin v Pacific 10, LLC (2026 NY Slip Op 00343)

Chin v Pacific 10, LLC

2026 NY Slip Op 00343

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-08989
 (Index No. 505122/22)

[*1]Matthew J. Chin, et al., respondents, 
vPacific 10, LLC, et al., defendants, Bahram Tehrani, doing business as BTE Design Services, appellant.

Marc E. Scollar, New York, NY, for appellant.
Steinvurzel & Levy Law Group, White Plains, NY (Alexander M. Levy of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for aiding and abetting fraud, the defendant Bahram Tehrani, doing business as BTE Design Services, appeals from an order of the Supreme Court, Kings County (Kerry Ward, J.), dated June 20, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In 2018, the plaintiffs purchased a townhouse located in Brooklyn from the defendant Pacific 10, LLC (hereinafter Pacific 10), which allegedly is solely owned by the defendant Frank Tehrani (hereinafter Frank). It is undisputed that the townhouse underwent substantial renovation prior to closing and that Frank's brother, the defendant Bahram Tehrani (hereinafter Bahram), doing business as BTE Design Services, through his business, made certain filings with the New York City Department of Buildings (hereinafter DOB) with regards to the renovation. The plaintiffs alleged that in 2019, during an extensive renovation of an adjacent property, they discovered structural deficiencies in the subject property concealed within the walls, including the removal of a load-bearing wall without sufficient reinforcement on the affected lot line walls.
The plaintiffs commenced this action against Pacific 10, Frank, and Bahram, inter alia, to recover damages for fraud. The complaint alleged in relevant part that Bahram conducted a gut renovation of the property. It further alleged that, acting in conjunction with the other defendants, Bahram omitted certain information, including all structural work, from his submissions to the DOB, and Bahram submitted false, misleading, or purposefully incomplete certifications to the DOB in order to obtain a final certificate of occupancy without a proper inspection and to intentionally conceal the true condition of the property from the plaintiffs. The complaint alleged that Bahram aided and abetted the other defendants in defrauding the plaintiffs.
Bahram moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him or, in the alternative, for summary judgment dismissing the complaint insofar [*2]as asserted against him. The Supreme Court denied the motion. Bahram appeals.
"To plead a cause of action to recover damages for aiding and abetting fraud, the complaint must allege the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (Winkler v Battery Trading, Inc., 89 AD3d 1016, 1017; see Schiano v Harsanyi, 230 AD3d 820, 821). Accepting the facts as alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the complaint alleged a cause of action against Bahram to recover damages for aiding and abetting fraud with the requisite particularity (see CPLR 3016[b]; Schiano v Harsanyi, 230 AD3d at 821).
The complaint sufficiently alleged an underlying fraud to actively conceal structural deficiencies and damage in the renovations from the plaintiffs, which were not readily discoverable by the plaintiffs in fulfilling their responsibilities imposed by the doctrine of caveat emptor (see Razdolskaya v Lyubarsky, 160 AD3d 994, 996-997; Schooley v Mannion, 241 AD2d 677, 678). The complaint also sufficiently alleged Bahram's knowledge of and substantial assistance in achievement of the fraud by, among other things, submitting misleading, purposefully incomplete, or false documents with the DOB, as one of the steps to conceal the structurally defective work from the plaintiffs. Furthermore, Bahram failed to submit documentary evidence utterly refuting the plaintiffs' factual allegations and conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Accordingly, the Supreme Court properly denied that branch of Bahram's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him.
The party moving for summary judgment bears the initial burden to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). A moving defendant cannot satisfy this burden by merely pointing to gaps in the plaintiff's case; it must affirmatively demonstrate the merits of its defense (see Incorporated Vil. of Freeport v Albrecht, Viggiano, Zurich & Co., P.C., 226 AD3d 658, 660; Correra v 60 Millwood Partners, LLC, 224 AD3d 728, 729). Here, Bahram failed to satisfy his prima facie burden, as he simply pointed to alleged deficiencies in the plaintiffs' proof. Thus, the burden never shifted to the plaintiffs to raise a triable issue of fact, and the Supreme Court properly denied that branch of Bahram's motion which was for summary judgment dismissing the complaint insofar as asserted against him (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Bahram's arguments regarding the lack of a contractual obligation between him and the plaintiffs are misplaced, as the plaintiffs' theory of liability against Bahram is not predicated upon an alleged breach of contract. The parties' remaining contentions either need not be reached in light of our determination or are without merit.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court