■ JAMES E. STRIKER et al., Respondents, v GRAHAM PEST CONTROL COMPANY INC., Defendant, and VERONICA LYNCH, INC., Appellant.—Casey, J.

Shortly after plaintiffs purchased a home in the Town of Colonie, Albany County, they discovered that parts of the structure were infested with carpenter ants. They commenced this action against defendant Graham Pest Control Company Inc., the company that inspected the house prior to closing, and defendant Veronica Lynch, Inc., the listing broker who arranged for the inspection to satisfy a contingency clause in plaintiffs' contract with the sellers. This appeal concerns only the liability of Lynch, whose motion for summary judgment was denied by Supreme Court.

The complaint alleges causes of action against Lynch which sound in fraud, negligent misrepresentation and breach of a fiduciary relationship. Lynch asserts that it made no misrepresentation of a material fact that plaintiffs relied upon and that, because it was the sellers' agent, it had no fiduciary relationship with plaintiffs. We agree with Lynch that plaintiffs failed to come forward with evidence of an affirmative misrepresentation of a material fact, but we conclude that questions of fact exist which preclude summary judgment.

An examination of the record establishes that Lynch's representations concerning the pest inspection consisted of assurances that the house had "passed" the inspection and that no termites or other wood-boring insects had been discovered by Graham's inspection. There is no evidence that Lynch did anything other than pass along the contents of the certificate issued by Graham, the pest control company that inspected the structure. In particular, there is no evidence that Lynch itself represented the structure as free from wood-boring insects when it knew or should have known that there was carpenter ant infestation.

Lynch's liability as the listing broker, if any, arises out of its failure to pass along certain information that Graham had reported on the bill it submitted to Lynch. The bill contained the following notation: "Much over growth of trees and shrubs. Moisture problems around the outside, wherever wood is close to soil. Conditions such as these are conducive to carpenter ants." Lynch had this information prior to the

closing and failed to disclose it to plaintiffs.* By undertaking to arrange the pest inspection on plaintiffs' behalf, and by representing to plaintiffs that the house had "passed" the inspection, Lynch "had an affirmative duty to disclose any material facts relating to the substance of the representation which 'might affect [plaintiffs'] conduct in the transaction in hand' " (Scharf v Tiegerman, 166 AD2d 697, 698, quoting Restatement [Second] of Torts § 529, comment b). Nondisclosure of a material fact is tantamount to an affirmative misrepresentation when a party is duty-bound to disclose pertinent information (see, e.g., Callahan v Callahan, 127 AD2d 298, 300). Whether the information which Lynch failed to disclose constituted material facts which would have affected plaintiffs' conduct in the transaction is, in our view, a question of fact. In particular, we note that although the record contains plaintiffs' affirmations that they would not have closed without a more detailed inspection had the information been disclosed, there is also evidence in the record that plaintiffs exhibited little concern about the pest inspection.

Lynch contends that the element of scienter is lacking, but we are of the view that if the information contained on Graham's bill constituted material facts which Lynch was obligated to disclose because it had arranged the inspection and represented to plaintiffs that the house had "passed" the inspection, an intent to deceive can be inferred from the failure to disclose (see, Young v Keith, 112 AD2d 625, 627). Also, the fact that Lynch would gain its commission upon the closing is also relevant to the issue of intent to deceive (see, Stevenson Equip. v Chemig Constr. Corp., 170 AD2d 769, 771, lv granted 78 NY2d 861). As to Lynch's claim that the damages claimed by plaintiffs are speculative, we conclude that the evidence submitted by plaintiffs is sufficient to raise a question of fact (see, Cristallina S. A. v Christie, Manson & Woods Intl., 117 AD2d 284, 295). Supreme Court's order denying Lynch's motion for summary judgment should be affirmed.

Levine, Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While plaintiffs were provided with a bill for the termite inspection at closing, it was not the same bill as that submitted by Graham to Lynch. Apparently, Lynch prepared a new bill which did not contain any notation about the premises being conducive to the development of carpenter ants.