■ SAM EVANS, Appellant, v LAWRENCE ARMS ASSOCIATES et al., Respondents, et al., Defendants. (And Other Titles.) [627 NYS2d 78] —In an action, inter alia, to rescind a contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated November 18, 1992, as, upon granting reargument of the defendants' motion for summary judgment, adhered to the prior determination to grant summary judgment and dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Sam Evans, was a general partner of Lawrence Arms Associates. In 1983, Evans entered into an agreement with another general partner, Gordon Simonds, to sell his entire partnership interest to Simonds for which Evans received $125,000 and a rent-free apartment for two years and six months. In his complaint, Evans alleged that he had been induced to sign the agreements in reliance upon Simonds' fraudulent representations that the agreements were merely powers of attorney so that Simonds could act on behalf of the partnership and that, upon the sale of an apartment building owned by the partnership, Evans would receive a share of the profits. However, the evidence presented on the motion for

summary judgment indicated that Evans was an experienced businessman who consulted with his attorney prior to executing the agreements and, in fact, executed the agreements against the advice of counsel.

Under the circumstances, Evans failed to offer sufficient evidence that he relied on Simonds' representations to support his claim of fraudulent inducement and to raise a triable issue of fact. Thus, the court properly granted summary judgment in favor of the defendants (see, CPLR 3212 [b]; *Citibank v Plapinger,* 66 NY2d 90, 95; *see also, Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 61; *Chemical Bank v Friedman & Shaftan,* 161 AD2d 534, 536-537). Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.