■ WILBUR W. RUDOLPH, JR., et al., Appellants, v CHARLES F. TURECEK et al., Respondents, et al., Defendants. [658 NYS2d 769] —Crew III, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered May 6, 1996 in Broome County, upon a dismissal of the complaint against defendants Gold Post Realty, Ltd., George T. Decker, Dennis A. Tchir and Gwen-

---

lyn S. Symons at the close of the evidence, (2) from the judgment entered thereon, and (3) from an order and judgment of said court, entered May 16, 1996 in Broome County, upon, *inter alia*, a dismissal of the first cause of action against defendants Charles F. Turecek, Bernadine M. Turecek and Charles N. Turecek at the close of all of the evidence.

Plaintiffs relocated to Broome County in 1992 as the result of a job transfer. In the process of searching for a home in Broome County, plaintiffs contacted defendant Gold Post Realty, Ltd., whose principal broker and owner was defendant George T. Decker, and defendant Gwenlyn Symons, a salesperson with Gold Post, began showing plaintiffs homes in the fall 1991. One of the homes that Symons showed plaintiffs was a residence located on Bornt Hill Road in the Town of Union, Broome County, owned by defendants Charles F. Turecek and Bernadine Turecek (hereinafter the Tureceks), who had listed their home with Gold Post for an asking price of $130,000. The listing agreement was signed by defendant Dennis A. Tchir, a broker with Gold Post, and defendant Charles N. Turecek, the Tureceks' son, who signed the listing agreement on behalf of his parents by power of attorney.

At the time of the listing, a fact sheet on the property was prepared which provided, in relevant part, that "this property has a very slow recovery rate for the well". Following extensive negotiations, plaintiffs purchased the property. After taking possession, the well failed and plaintiffs unsuccessfully attempted to drill a new well. Plaintiffs thereafter commenced this action against defendants for, *inter alia*, fraud and negligent misrepresentation. Following joinder of issue, discovery and various unsuccessful motions for summary judgment, a jury trial ensued at which the following pertinent facts were established.

The Tureceks purchased the Bornt Hill property in the early 1960s as a vacant lot upon which they intended to build a home. During the course of the construction of their home, they engaged a contractor to dig a well to provide water for the residence. Four different wells were drilled, each producing nonpotable water. As a consequence, the Tureceks installed a 1,000-gallon underground tank and had water hauled to the property by the Town of Union. Sometime in 1987, the Town discontinued hauling water to the Tureceks' residence and the Tureceks had a well drilled on the property in 1988, which provided suitable water for consumption. The recovery time of the well was slow, however, and a retaining tank was put in the basement of the residence in order to ensure an adequate water supply.

When the Tureceks listed their property with Gold Post, Decker, Symons and Tchir (hereinafter collectively referred to as the realtor defendants) in 1992, they advised them of the slow recovery rate of the well, which was included in the property fact sheet given to plaintiffs when they first visited the property. At no time did the Tureceks advise the realtor defendants or plaintiffs of either the presence of the underground water storage tank, the delivery of water to the property by the Town of Union over a period of some 25 years or the fact that they previously had attempted unsuccessfully to drill wells on four occasions.

After plaintiffs visited the property, they began negotiations with the Tureceks, initially offering $115,000 with a well addendum, which provided, *inter alia*, that if a certified well driller was unable to certify that the well could produce sufficient water for a family of five, the Tureceks would pay for any and all corrective measures as recommended by the well driller, including a replacement well. The Tureceks declined to sign this offer and, after further negotiations and counteroffers, the Tureceks agreed to sell the property for $112,500, with plaintiffs agreeing to be responsible for the well.

Following the closing and on plaintiffs' first day of occupancy, the well ran dry. Plaintiffs then contracted with a well-drilling specialist, who began deepening the existing well. After two weeks of drilling and at a depth of 330 feet, the well began producing salt water not fit for consumption. Further efforts by the well driller to eliminate the salt water by installation of a reverse osmosis machine proved futile and plaintiffs, in apparent frustration, contacted their State Assembly member, who referred them to Thomas Biel, a hydrogeologist. Biel inspected plaintiffs' property, as well as adjoining properties, and inspected certain public records maintained by the Department of Environmental Conservation containing information concerning wells and test borings for areas in the Susquehanna River basin. That documentation revealed that there were five wells previously drilled on the Turecek property, each of which yielded nonpotable water. Biel's examination of the property, together with the documentation obtained from the Department of Environmental Conservation, led him to conclude that it was extremely unlikely that plaintiffs would be able to drill a well that would provide a suitable and adequate water source.

At the conclusion of all of the evidence, Supreme Court, *inter alia*, granted defendants' motions to dismiss the complaint on the ground that plaintiffs had failed in their proof on their fraud, negligence and Real Property Law § 443 claims. This appeal by plaintiffs ensued.

We agree with Supreme Court's determination dismissing the complaint as to the realtor defendants and Charles N. Turecek. The facts establish that the realtor defendants' only knowledge of any defect on the Bornt Hill property was that disclosed to them by the Tureceks, i.e., that the well had a very slow recovery rate, which was fully disclosed to plaintiffs. With regard to Charles N. Turecek, the evidence is clear that his only involvement in this matter was the signing of the listing agreement and the sales contract by reason of the power of attorney given to him by his parents and that he made no representations with regard to the property's water system.

We arrive at a different conclusion, however, with respect to the Tureceks. While they disclosed the fact that the existing well had a very slow recovery rate, they did not disclose that they previously had drilled four separate wells, each of which provided nonpotable water, as the result of which they were required to have water hauled to the property for some 25 years. Clearly, a fraud cause of action may be supported by proof of the failure to reveal a material fact with the intent to defraud another by inducing him or her to enter into a contract (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318). Here, a question of fact existed as to whether the Tureceks knowingly and intentionally failed to advise plaintiffs of their previous unsuccessful attempts to drill wells in order to fraudulently induce them to purchase their property or whether the omission was innocent in that having successfully drilled a well in 1988, they simply assumed that such could be done again.

We also reject the Tureceks' contention that, as a matter of law, plaintiffs failed to prove that they reasonably and justifiably relied upon the alleged misrepresentations. To be sure, where a party has the means, by the exercise of reasonable diligence, to ascertain the truth or falsity of material representations, he or she cannot assert justifiable reliance (*see, e.g., Cohen v Colistra*, 233 AD2d 542, 543; *Callahan v Miller*, 194 AD2d 904, 905-906). However, whether a party could have ascertained the facts with reasonable diligence is a factual question for resolution by the jury (*see, Country World v Imperial Frozen Foods Co.*, 186 AD2d 781, 782). There can be no doubt, based upon the record before us, that plaintiffs assumed that they could alleviate the "slow recovery rate" by drilling a new well. Whether they acted unreasonably in failing to ascertain the inability to do so prior to purchasing and occupying the property is a factual matter for jury determination.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur.

Ordered that the order and judgment entered May 6, 1996 are affirmed, without costs. Ordered that the order and judgment entered May 16, 1996 is modified, on the law, without costs, by reversing so much thereof as dismissed the first cause of action against defendants Charles F. Turecek and Bernadine M. Turecek; said cause of action reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.