■ JOAN DONNELLY, Appellant, v ALEXANDRA MARGOLIS et al., Defendants, and ALLAN M. SCHNEIDER ASSOCIATES, INC., et al., Respondents. [697 NYS2d 130] —In an action, *inter alia,* to recover damages for the breach of a lease and for the refund of a commission, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered August 4, 1998, as upon, *inter alia,* the granting of the motion of the defendants Allan M. Schneider Associates, Inc., and Susan McGraw for summary judgment dismissing the amended complaint insofar as asserted against them, dismissed the amended complaint insofar as asserted against those defendants, awarded them costs in the amount of $400, and severed the action against the remaining defendants.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding costs in the amount of $400 to the defendants Allan M. Schneider Associates, Inc., and Susan McGraw and substituting therefor a provision awarding costs in the amount of $200; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, *inter alia,* to recover damages for the purported errors and omissions of the defendants Allan M. Schneider Associates, Inc. (hereinafter AMS), a real estate brokerage firm, and its agent, the defendant Susan McGraw, in procuring tenants to rent a residence which she owned. The Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against those defendants. The plaintiff, as owner of the subject premises, is chargeable with knowledge of the statutory and regulatory provisions affecting her control and disposition of the property (*see, Sheehan v County of Suffolk,* 67 NY2d 52; *D & Z Holding Corp. v City of New York Dept. of Fin.,* 179 AD2d

796), and neither AMS nor McGraw was under any obligation to act as her legal advisor regarding relevant provisions of the Town Code of the Town of Southampton governing house rentals. Moreover, the obligations of AMS and McGraw were satisfied when they produced ready, willing, and able tenants with whom the plaintiff executed a rental agreement (*see, Mecox Realty Corp. v Rose,* 202 AD2d 404; *Cherveny v Daniele,* 54 AD2d 889), and they had no duty to investigate the prospective tenants to ascertain their suitability under the Town Code.

The plaintiff correctly contends, however, that the award of $400 in costs exceeds the amount authorized by statute (*see,* CPLR 8105, 8201 [1]); hence, we reduce that award accordingly.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.