■ Susan Berger-Vespa et al., Appellants, v Rondack Building Inspectors, Inc., Doing Business as Rondack Home Inspections, Inc., et al., Respondents. [740 NYS2d 504] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 18, 2000 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint.

On June 15, 1997, plaintiffs entered into a written contract with defendants Harold Garrett and David R. Dolen to purchase a house located in the City of Schenectady, Schenectady County. Such contract clearly stated, inter alia, that the home was being sold "as is" without warranty to its condition. The agreement further detailed that it was contingent upon several outside inspections, which included "a written determination, at Purchaser's expense, by a New York State registered architect or licensed engineer * * * or other qualified person, that the premises are free from any substantial structural, mechanical, electrical, plumbing, roof covering,

water or sewer defects." In connection therewith, the parties also executed a consent to having defendant Coldwell Banker Prime Properties, Inc., through its real estate sales agent/ broker defendant Margaret M. Bryant, dually represent both buyer and seller in this transaction. That document, bearing the signature of Bryant as well as plaintiff Susan Berger-Vespa, plaintiff Marion H. Berger, Dolen and Garrett, clearly advised as follows: "As real estate brokers, we are not advisors on legal, engineering, surveying, water quantity or quality, the existence of insect infestation, structural condition, or other technical matters. We will be pleased to provide you with information on how to engage such other professionals as you may determine to use in your transactions."

Pursuant to the inspection contingency clause, plaintiffs signed a written contract with defendant Rondack Building Inspectors, Inc. (hereinafter Rondack) to conduct an inspection of the premises; according to Bryant, Rondack was one of three inspection companies that she recommended. Present at the on-site inspection were the president of Rondack, Bryant and Berger-Vespa. When Berger-Vespa inquired about the "causes, status and condition of the mildew odor, severe dampness, structural soundness of the foundation, wetness and pools of water under the carpet, water spots on the ceiling and the reason that the wall paneling was constructed at least one foot away from the foundation walls,"[1] Bryant opined that the basement must be dry since the sellers would not have refinished it if it was wet. When Berger-Vespa further inquired of Bryant as to ways in which she could mitigate water seepage, Bryant and Rondack recommended regrading.

Rondack rendered a written report which made the following disclaimers: "[T]his report and analysis is based on observation of the visual and apparent condition of the building and its major components on the date of inspection, and that latent or concealed defects which cannot be reasonably discovered without opening up of walls, ceilings, and floors, removal of insulation, the disassembly of equipment, appliances, mechanical, plumbing, or electrical systems, or making of soil or material tests may not be identified." It further clarified that both the "inspection and report are not intended or to be used as a guarantee or warranty, expressed or implied, regarding the adequacy, performance or condition of any inspected structural item or system," and subjected any such claims to mediation

---

1. Upon appeal, plaintiffs disclaim the truthfulness of certain representations in the complaint. With no amended complaint having been filed, we adhere to those original allegations.

or, failing that, arbitration with "[a]ny such claim * * * waived unless the demand * * * shall be made within two (2) years from the inspection date." While the written report indicated no substantial damage or defect in the basement and no evidence of a major water problem, it did indicate minor signs of seepage likely caused by surface runoff and recommended that the problem be remedied by regrading.

Plaintiffs contend that months after the closing, they began to experience protracted floods in the basement area which continued several times each year. Plaintiffs commenced this action in September 1999 seeking to rescind the contract and recover estimated damages. Rondack moved, in lieu of an answer, for an order dismissing the complaint. Following joinder of issue, all remaining defendants cross-moved for summary judgment.[2] Supreme Court granted each motion and this appeal ensued.

As to the dismissal of the complaint against Bryant and Coldwell Banker, we agree that the merger doctrine would be inapplicable where, as here, there exists a cause of action based upon fraud (*see, Schooley v Mannion*, 241 AD2d 677, 678; *Lawlor v Engley*, 166 AD2d 799, 800); the agreement signed with Coldwell Banker would not, by its terms, preclude the introduction of parole evidence on that issue (*see, Cetnar v Kinowski*, 263 AD2d 842, 843, *lv dismissed* 94 NY2d 872). Yet, the disclaimers contained in that agreement have import when considering plaintiffs' ability to prevail. With Bryant and Coldwell Banker having sustained their prima facie burden entitling them to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562), the burden fell upon plaintiffs to produce evidence in admissible form to show the existence of a viable issue establishing " '(1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages' " (*Cetnar v Kinowski, supra* at 843-844, quoting *Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578). Berger-Vespa's own observations of the wet condition of the basement at the time of the initial inspection belies her contentions of justifiable reliance upon any alleged misrepresentations by Bryant. This conclusion is further supported by both the disclaimers contained in the dual agency agreement and the presence of a licensed inspector at the time that the representations were made.

Nor do we find that plaintiffs have raised a viable issue to

---

2. Although the cross motion by Garrett and Dolen indicates that it was made pursuant to CPLR 3211, Supreme Court properly treated this cross motion as one for summary judgment.

revive their claim for negligent misrepresentation. To sustain this cause of action, "plaintiffs were required to demonstrate that defendant[s] had a duty, based upon some special relationship with them, to impart correct information, that the information given was false or incorrect and that plaintiffs reasonably relied upon the information provided" (*Hausler v Spectra Realty*, 188 AD2d 722, 724). With no evidence to support the conclusory assertion that Bryant represented that the basement was dry despite her prior knowledge of a water condition, we find no error.

The complaint against Dolen and Garrett was also properly dismissed. While the allegations of fraud in the inducement and material misrepresentations consisting of intentional concealment of the flooding and water damage would not preclude the introduction of parole evidence despite the existence of the "as is" clause in the contract (*see, Schooley v Mannion*, 241 AD2d 677, *supra*), both the inspection report and Berger-Vespa's own observations of the dampness undermine any claim of detrimental reliance. Moreover, the record reflects that Garrett hired a carpenter to finish the basement for his granddaughter who submitted an affidavit confirming that, during her residence there from February 1995 to April 1997, she never encountered any water problems. For these reasons, we agree that plaintiffs failed to show that Dolen and Garrett actively concealed latent defects.

Finally, with a dearth of evidence to support contentions that Rondack used high pressure tactics, deceptive language or unequal bargaining power so as to establish the contract as one of adhesion (*see, Morris v Snappy Car Rental*, 84 NY2d 21, 30; *Sablosky v Gordon Co.*, 73 NY2d 133, 139; *Matter of Ball [SFX Broadcasting]*, 236 AD2d 158, 161, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 803), there exists no basis to render it unenforceable. Left with a clearly articulated provision agreeing to a reduction in time to commence a claim arising out of this inspection, we agree that plaintiffs' claim was time barred (*see, Kassner & Co. v City of New York*, 46 NY2d 544, 551).

Having reviewed and rejected, as without merit, any further contentions raised, we affirm the order granting defendants' motions dismissing the complaint.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.