■ ESTATE OF RAYMOND G. GIFFUNE, Deceased, by DANTE M. SCACCIA, as Executor, Appellant, v NELLIE KAVANAGH, Also Known as CARMELLA KAVANAGH, Individually and as Agent of GEORGE J. TUCCI et al., Doing Business as CENTURY 21 TUCCI REALTY, et al., Respondents, et al., Defendants. [753 NYS2d 784] —Appeal from those parts of an order of Supreme Court, Onondaga County (Nicholson, J.), entered January 30, 2002, that granted that part of the summary judgment motion of defendant Kevin Kelly, individually and as agent of Gallinger/GMAC Real Estate, seeking dismissal of the complaint against him and that sua sponte dismissed the complaint against defendant Nellie Kavanagh, also known as Carmella Kavanagh, individually and as agent of George J. Tucci and Anthony J. Tucci, doing business as Century 21 Tucci Realty.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Upon the death of Raymond G. Giffune (decedent), plaintiff executor was appointed to represent decedent's estate. After plaintiff sold decedent's home, a dispute arose concerning the commissions due, if any, to Nellie Kavanagh, also known as Carmella Kavanagh, individually and as agent of George J. Tucci and Anthony J. Tucci, doing business as Century 21 Tucci Realty (Tucci Realty), and Kevin

Kelly, individually and as agent of Gallinger/GMAC Real Estate (Gallinger Agency) (defendants). As a result, Tucci Realty and the Gallinger Agency commenced small claims actions against plaintiff for unpaid commissions. Plaintiff then commenced this action, alleging that defendants fraudulently induced plaintiff to sell the home at a price below market value. Kelly then moved for summary judgment seeking dismissal of the complaint against him and seeking judgment against plaintiff on his counterclaim for the unpaid commission.

Contrary to plaintiff's contention, Supreme Court properly granted that part of the summary judgment motion of Kelly seeking dismissal of the complaint against him. Kelly established his entitlement to judgment as a matter of law by submitting proof in admissible form that demonstrated the absence of any material issue of fact on the fraud claim (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In opposition to the motion, plaintiff failed to submit proof in admissible form sufficient to establish the existence of a material issue of fact with respect to the elements of a fraud claim, i.e., that Kelly misrepresented or concealed a material fact, knew the representation to be false, and intended to deceive and induce plaintiff to act and that plaintiff relied on Kelly's representation and was injured thereby (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Berger-Vespa v Rondack Bldg. Inspectors,* 293 AD2d 838, 840; *Jeffrey BB. v Cardinal McCloskey School & Home for Children,* 257 AD2d 21, 23).

We further conclude that the court properly sua sponte dismissed the complaint against Kavanagh. Contrary to plaintiff's contention, if "it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR 3212 [b]), where, as here, summary judgment was granted in favor of Kavanagh with respect to the issue that was the subject of the motion (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.