■ MARIE F. BROOKS, Appellant, v SUNBEN REALTY, INC., et al., Respondents, et al., Defendant. [829 NYS2d 171]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 7, 2005, as granted that branch of the motion of the defendant Sunben Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, upon the plaintiff's default in opposing the motion, and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant Consolidated Edison Company of New York, Inc., and (2) so much of an order of the same court dated March 20, 2006, as denied those branches of the plaintiff's motion which were, in effect, to vacate so much of the prior order as, upon her default,

granted that branch of the motion of the defendant Sunben Realty, Inc., which was for summary judgment and dismissed the complaint insofar as asserted against the defendants Sunben Realty, Inc., and Consolidated Edison Company of New York, Inc.

Ordered that the appeal from the order dated October 7, 2005 is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order dated March 20, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

While walking down Sixth Avenue in Manhattan, the plaintiff tripped on a yellow shunt board which had been installed across the width of the entire sidewalk by the defendant Consolidated Edison Company of New York, Inc. (hereinafter ConEd), to allow pedestrians to walk safely over live wires running from an open manhole in the adjacent roadway into a building owned by the defendant Sunben Realty, Inc. (hereinafter Sunben).

The plaintiff thereafter commenced the instant action against, inter alia, Sunben and ConEd. Sunben moved for summary judgment, inter alia, on the ground that the shunt board was open and obvious and was not inherently dangerous. The plaintiff filed no opposition papers. By order dated October 7, 2005 the Supreme Court granted the motion and, upon searching the record, also dismissed the complaint as to ConEd (*see* CPLR 3212 [b]; *Estate of Giffune v Kavanagh*, 302 AD2d 878 [2003]). As that order was entered upon the plaintiff's default in opposing Sunben's motion, no appeal lies therefrom (*see* CPLR 5511).

In a subsequent motion, inter alia, in effect, to vacate so much of the order dated October 7, 2005, as, upon the plaintiff's default, granted that branch of the motion of the defendant Sunben which was for summary judgment and dismissed the complaint insofar as asserted against the defendants Sunben and ConEd, the plaintiff argued that the court had misapplied applicable law in concluding that the shunt board was not inherently dangerous. By order dated March 20, 2006 the court denied those branches of the motion. We affirm.

In her motion, in effect, to vacate the October 7, 2005 order, the plaintiff offered no excuse for her default (*see Barrafato v Franzitta*, 308 AD2d 468, 469 [2003]; *see also* CPLR 5015 [a] [1]; 2005). Under these circumstances, the Supreme Court correctly denied vacatur of so much of the prior order as dismissed the complaint as to Sunben and ConEd. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.