■ MICHELE J. KILLOUGH, Appellant, v MARY ANN SHIELS, Defendant, and REALTY USA et al., Respondents. [845 NYS2d 575]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 27, 2006 in Saratoga County, which, among other things, granted a motion by defendants Realty USA and Paul Orloski for summary judgment dismissing the complaint against them.

Defendant Realty USA and defendant Paul Orloski (hereinafter collectively referred to as defendants) acted as plaintiff's real estate agents in the purchase of defendant Mary Ann Shiels' real property, located in Ballston Lake, Saratoga County. Prior to such purchase, Orloski notified plaintiff that she needed a termite inspection in order to complete the transaction. Knowing that plaintiff was under financial constraints, Orloski provided plaintiff with a copy of a termite inspection of this property, dated March 20, 2002, which was prepared in connection with a prior offer of purchase which never came to fruition. This report found no evidence of termite infestation but clearly indicated that it was representing the condition of the house "on the date of the inspection only" and that there were numerous areas that were "obstructed or inaccessible," all of which were specifically listed. Such report further stated, under the section entitled "Important Consumer Information Regarding the Scope and Limitations Of the Inspection," that there may be wood destroying insect infestation and/or damage in inaccessible areas and that the "report shall be considered invalid for purposes of securing a mortgage and/or settlement of property transfer if not used within ninety (90) days from the inspection date." Plaintiff, having acquired counsel in connection with the purchase of the property, was never advised by her counsel to reinspect the property, despite the old report. Soon after the closing on September 27, 2002, plaintiff discovered extensive termite infestation.

Plaintiff commenced this action claiming that defendants negligently failed to advise her to obtain her own independent inspection. Both plaintiff and defendants moved for summary judgment. Supreme Court granted defendants' motion, prompting this appeal.

Defendants met their burden of demonstrating their entitlement to judgment as a matter of law (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 840 [2002]). The terms of the contract of sale indicated that the property was sold "as is," without warranty as to condition. Plaintiff, as purchaser, had the right to have access to the property, prior to the closing, which she exercised in connection with her preliminary renovations. The disclosure form that plaintiff signed regarding her re-

lationship with defendants detailed that "[a] real estate agent is a person qualified to advise about real estate. If legal, tax or other advice is desired, consult a competent professional in that field." Plaintiff did, in fact, consult with an attorney before signing the contract of sale, which clearly indicated that it was not contingent upon a determination by a certified exterminator that the premises are free from infestation or damage by wood-destroying organisms. Recognizing defendants' affirmative duty to disclose all material information that they had regarding the real property, we agree that they met their prima facie burden to entitle them to judgment as a matter of law (*see Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d at 841; *Rudolph v Turecek*, 240 AD2d 935, 938 [1997], *lv denied* 90 NY2d 811 [1997]; *Striker v Graham Pest Control Co.*, 179 AD2d 984, 984-985 [1992], *lv dismissed* 79 NY2d 1040 [1992]), even when assessing all proffered facts in a light most favorable to plaintiff (*see Dyke v Peck*, 279 AD2d 841, 843 [2001]).

With the burden shifted to plaintiff to raise a triable issue of fact, we find no viable showing that Orloski knew or should have known that the information contained in that report was false or incorrect. Notably, Orloski never represented that the house was free of termite damage (*see Rudolph v Turecek*, 240 AD2d at 938; *Striker v Graham Pest Control Co.*, 179 AD2d at 984); Orloski merely passed on material information that he acquired in connection with his representation of plaintiff (*compare Striker v Graham Pest Control Co.*, 179 AD2d at 984-985). Plaintiff's deposition testimony detailing her prior access to the house evinced that she could "have readily ascertained . . . [the termite damage] by making additional relevant inquiries and exercising ordinary intelligence" (*Dyke v Peck*, 279 AD2d at 844). Thus, her failure to exercise due diligence prior to the closing supports a dismissal of her claims. As to plaintiff's final contention that Orloski was under an obligation to provide her with legal advice regarding the consequences of accepting the prior termite inspection report, we disagree (*see Matter of Mulford v Shaffer*, 124 AD2d 876, 877-878 [1986]; *Matter of Duncan & Hill Realty v Department of State of State of N.Y.*, 62 AD2d 690, 701-702 [1978], *lvs denied* 45 NY2d 709, 821 [1978]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.