LAND MAN REALTY, INC., Respondent, v BARBARA FARAONE et al., Defendants and Third-Party Plaintiffs-Respondents. WEICHERT REALTORS NORTHEAST GROUP et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [895 NYS2d 247]—

Malone Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered July 20, 2009 in Saratoga County, which denied a motion by third-party defendants Weichert Realtors Northeast Group and Lorraine Conoby for summary judgment dismissing the amended third-party complaint against them.

Defendants owned a parcel of property located in the Town of Wilton, Saratoga County. Sometime in late 2003 or early 2004, defendants decided to sell the parcel and, prior to formally listing it with third-party defendants Weichert Realtors Northeast Group and Lorraine Conoby (hereinafter collectively referred to as Weichert), they allegedly orally agreed to allow plaintiff to offer the property for sale to Capital District Properties, LLC (hereinafter CDP), among others, and allegedly offered plaintiff a 10% commission if it successfully negotiated a sale. In September 2004, defendants entered an exclusive listing agreement with Weichert to sell the property as it had not been sold, although CDP continued to express interest in purchasing it. Thereafter, plaintiff began sending correspondence to defendants, as well as Weichert, in which plaintiff claimed that, should CDP purchase the property, as the procuring cause of that sale it would be entitled to the 10% commission allegedly promised by defendants. Weichert apparently did not respond to the letters and, when asked by defendants how they should respond, advised defendants to consult with their attorney, third-party defendant Robert W. Pulsifer. In August 2006, CDP purchased the property and, pursuant to the exclusive listing agreement, Weichert received a 7% commission from defendants.

Plaintiff then commenced this action against defendants, claiming that it was the procuring cause of the sale to CDP and, thus, was entitled to a 10% commission pursuant to the oral agreement. Defendants, in turn, commenced a third-party action against Pulsifer and Weichert, claiming that they failed to take "any action to clarify [plaintiff's] claim" or "to protect [de-

fendants] from [plaintiff's] claimed commission." Weichert subsequently moved for summary judgment dismissing the amended third-party complaint against it. Supreme Court denied the motion, finding that a question of fact existed as to whether Weichert owed a fiduciary duty to defendants with respect to plaintiff's claim. Weichert appeals.

"In New York, it is well settled that a real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal" (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001] [citations omitted]). This duty requires the broker to refrain from taking any action adverse to its principal's interest with respect to any part of the transaction giving rise to the fiduciary relationship (*see Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138-139 [1936]; *Reiser, Inc. v Roberts Real Estate*, 292 AD2d 726, 729-730 [2002]). Here, Weichert admits that it owed defendants a duty to act in defendants' best interests with respect to the exclusive listing agreement. Although that listing agreement requires Weichert to pay a 3% commission to any cooperating broker, plaintiff does not rely on that co-broker commission provision but, rather, seeks a commission directly from defendants based upon the alleged oral agreement, which, if it exists, is independent of the listing agreement.

Indeed, plaintiff specifically averred that its "agreement was with [d]efendant [Barbara Faraone] and not [Weichert] and had nothing to do with a possible 'co-broke' commission." Because Weichert was not a party to the alleged oral agreement giving rise to the 10% commission to which plaintiff contends it is entitled—which, if valid, was negotiated long before Weichert entered into the listing agreement with defendants—Weichert does not owe any duty to defend defendants against plaintiff's claim or otherwise intervene on defendants' behalf. Consequently, contrary to defendants' assertions, Weichert had no obligation to evaluate the legal validity of plaintiff's claim or advise defendants how to respond to it (*see Killough v Shiels*, 45 AD3d 1159, 1161 [2007]; *Matter of Duncan & Hill Realty v Department of State of State of N.Y.*, 62 AD2d 690, 701-702 [1978], *lvs denied* 45 NY2d 709, 821 [1978]; *see also* Real Property Law § 443). Any claim that plaintiff could make with respect to the cooperating broker commission set forth in the exclusive listing agreement is beyond the scope of the claims pleaded in these actions. Accordingly, we find that Weichert is entitled to summary judgment dismissing the third-party claim against it.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur.

Ordered that the order is reversed, on the law, with costs against both parties filing respondents' brief, motion of third-party defendants Weichert Realtors Northeast Group and Lorraine Conoby granted, summary judgment awarded to said third-party defendants and amended third-party complaint dismissed against them.