■ JENNIFER WALKER, Appellant, v INSIGNIA DOUGLAS ELLIMAN LLC, Doing Business as PRUDENTIAL DOUGLAS ELLIMAN, Respondent, et al., Defendant. [913 NYS2d 186]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered May 11, 2009, which granted defendant Insignia Douglas Elliman LLC's (Insignia) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Plaintiff alleged that the real estate broker, employed by Insignia, representing her in connection with the purchase of a building failed to disclose that the building was designated as class B single room occupancy (SRO) under Multiple Dwelling Law § 4 (9). A real estate broker's fiduciary duties include an obligation to keep her principal informed of all material facts within the broker's knowledge regarding the relevant transaction (*Dubbs v Stribling & Assoc.*, 274 AD2d 32, 35 [2000], *affd* 96 NY2d 337 [2001]). Here, plaintiff failed to rebut Insignia's showing that the broker did not know the building was designated as a SRO dwelling. At most, plaintiff showed only that the broker conveyed material information obtained from the listing agent (see *Killough v Shiels*, 45 AD3d 1159, 1161 [2007]).

Moreover, a building's legal designation is "settled by the certificate of occupancy" (*23 Realty Assoc. v Teigman*, 213 AD2d 306, 307 [1995]), as well as applicable DHCR regulations (*id.*). Here, plaintiff retained counsel to conduct due diligence prior to closing, and during that process learned that the subject building had not been issued a certificate of occupancy, yet nonetheless elected to proceed to closing without ascertaining the legal ramifications. We note also that plaintiff purchased the building "as is" and, before executing the contract to purchase, was undeniably informed that the building was designated a class B dwelling under the Multiple Dwelling Law, and was provided ample opportunity to inspect the building and speak with its prior owner and the listing agent. Under these circumstances, we agree with the motion court that plaintiff could have readily

ascertained the building's SRO status prior to closing by making relevant inquiries and exercising ordinary intelligence, and her undisputed failure to exercise adequate due diligence prior to closing supports summary dismissal of her claim (*see Killough*, 45 AD3d at 1161). To the extent plaintiff claims that the seller's broker was obligated to provide legal advice, we disagree (*see id.*; *Donnelly v Margolis*, 265 AD2d 523, 523-524 [1999]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.