THE LAND MAN REALTY, INC., Respondent, v WEICHERT, INC., et al., Appellants. [941 NYS2d 801]—

Malone Jr., J. Appeal from an order of the Supreme Court (R. Sise, J.), entered September 29, 2011 in Saratoga County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a real estate firm and participant in the Capital Region Multiple Listing Service (hereinafter CRMLS), commenced this action against defendants Weichert Realtors Northeast Group (hereinafter Weichert Northeast) and Lorraine Conoby, an agent with Weichert Northeast—both participants in CRMLS—as well as defendant Weichert, Inc. (hereinafter Weichert), alleging unjust enrichment and breach of contract arising out of the August 2006 sale of a parcel from Barbara Faraone and Babs Property Development (hereinafter collectively referred to as Faraone) to Capital District Enterprises, LLC.* In their answer, defendants asserted that the action was

---

* Plaintiff previously commenced an action against Faraone seeking damages arising out of this same real estate transaction. Faraone impleaded the instant defendants and, ultimately, this Court granted defendants' motion for summary judgment dismissing the third-party complaint (*Land Man Realty, Inc. v Faraone*, 70 AD3d 1246 [2010]).

precluded by the Code of Ethics and Standards of Practice of the National Association of Realtors, which requires its members to submit claims such as plaintiff's to binding arbitration. Prior to the completion of any discovery, defendants moved for summary judgment dismissing the complaint. After finding that the action was not subject to binding arbitration, Supreme Court granted defendants' motion with regard to the first cause of action alleging unjust enrichment, but denied the motion with regard to the second cause of action alleging unjust enrichment and the third cause of action alleging breach of contract. Defendants appeal.

Initially, we agree with Supreme Court that this action is not subject to binding arbitration pursuant to article 17 of the Code of Ethics and Standards of Practice of the National Association of Realtors. As is relevant here, article 17 provides that realtors who are associated with different firms shall submit to arbitration "specific non-contractual disputes as defined in Standard of Practice 17-4." Standard of Practice 17-4 defines five distinct situations, none of which are applicable here. In the absence of an express and unequivocal agreement between the parties, it is not necessary for this dispute to be submitted to arbitration (*see Gangel v DeGroot*, 41 NY2d 840, 841 [1977]; *Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO]*, 82 AD3d 1312, 1315 [2011]).

Next, defendants claim that Supreme Court erred by denying that part of their motion seeking dismissal of the second and third causes of action. With respect to Weichert only, we agree. In support of their motion for summary judgment, defendants presented evidence that Weichert's relationship with Weichert Northeast was limited to that of a franchisor and that Weichert had no control over Weichert Northeast's operations or finances. This was sufficient to establish that Weichert cannot be held liable for the acts allegedly undertaken by Weichert Northeast with respect to plaintiff's claims (*see Repeti v McDonald's Corp.*, 49 AD3d 1089, 1090 [2008]). Plaintiff's bare claim in opposition that discovery was necessary to reveal the nature of Weichert's role in the transaction at issue was insufficient to demonstrate that a material issue of fact exists (*see Joseph P. Carrara & Sons, Inc. v A.R. Mack Constr. Co., Inc.*, 89 AD3d 1190 [2011]). Accordingly, summary judgment dismissing both causes of action against Weichert is warranted.

With respect to the remaining defendants, Weichert Northeast and Conoby, to establish an unjust enrichment claim against them, as alleged in the second cause of action, plaintiff must establish only that these "defendants were enriched, the

enrichment came at plaintiff['s] expense, and permitting defendants to retain what plaintiff[ ] seek[s] to recover would be against equity and good conscience" (*ARB Upstate Communications LLC v R.J. Reuter, LLC*, 93 AD3d 929, 933 [2012] [internal quotation marks and citations omitted]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]; *Augur v Augur*, 90 AD3d 1111, 1112 [2011]). Plaintiff alleged that because it was a participant in CRMLS and had procured the buyer for Faraone's property, pursuant to the terms of defendants' CRMLS exclusive listing agreement with Faraone, it was entitled to receive from defendants a 3% commission and that, when defendants failed to pay such commission to plaintiff, defendants were enriched at plaintiff's expense. Moreover, pursuant to CRMLS rules and regulations, by filing the listing agreement with Faraone in the CRMLS system, defendants agreed to compensate another CRMLS participant who procured a buyer for the listed property. Thus, if plaintiff in fact procured a buyer for Faraone's property, it was entitled to a 3% commission on the sale. Because issues of fact exist with respect to, among other things, whether plaintiff in fact procured the buyer for Faraone's property, and whether defendants were enriched at plaintiff's expense, summary judgment dismissing this cause of action was properly denied.

As for the third cause of action for breach of contract, the listing agreement entered into by defendants and Faraone contains a provision by which, under certain circumstances, a cooperating participant of CRMLS would be paid a 3% commission by defendants. Plaintiff argues only that, as a third-party beneficiary of that contract, it is entitled to the 3% commission because it was the procuring agent for the buyer of Faraone's property. In order for plaintiff to recover as a third-party beneficiary, plaintiff must establish that it was an intended beneficiary under the contract (*see Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC*, 83 AD3d 1256, 1257 [2011]). On this record, issues of fact exist, including, as discussed above, whether plaintiff procured the buyer for Faraone's property and whether plaintiff was an intended or incidental beneficiary of the contract. Accordingly, this part of defendants' motion for summary judgment was likewise properly denied.

Defendants' remaining contentions have been considered and determined to be without merit.

Mercure, A.P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion

for summary judgment dismissing the second and third causes of action against defendant Weichert, Inc.; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.