Malone Jr., J.
Appeal from an order of the Supreme Court (R Sise, J.), entered September 28, 2011 in Saratoga County, which, among other things, denied third-party defendant’s motion for summary judgment dismissing the amended third-party complaint.
The facts of this case are more fully set forth in our prior decision of this matter (70 AD3d 1246 [2010]), as well as another related decision of this Court (Land Man Realty, Inc. v Weichert, Inc., 94 AD3d 1221 [2012]). Briefly, defendants owned a 54-acre parcel of land in the Town of Wilton, Saratoga County, and entered into an exclusive listing agreement with Weichert Realtors Northeast Group to sell the property. Shortly thereafter, plaintiffs counsel sent multiple letters to, among others, defendants, claiming that it had previously presented Capital District Property, LLC (hereinafter CDP) as purchaser of the property prior to the property being listed with Weichert. Therefore, in the event that CDP purchased the property, plaintiff would be entitled to a 10% commission pursuant to an alleged oral agreement with defendants. Weichert ultimately sold the property to CDP
Thereafter, plaintiff commenced this action against defendants, claiming that it was the procuring cause of the sale of the property and is entitled to a 10% commission pursuant to an alleged agreement with defendants. As is relevant herein, defendants, in turn, commenced a third-party action against third-party defendant, Robert W. Pulsifer, an attorney who represented defendants in the real estate transaction. Defendants claim that Pulsifer (1) failed to respond or take any action regarding plaintiffs letters asserting a claim for a commission, and (2) negotiated the contract for the sale of property to CDP in a manner that did not sufficiently protect defendants against plaintiffs commission claim. Defendants moved for summary judgment dismissing the complaint and Pulsifer moved for summary judgment dismissing the amended third-party complaint. Supreme Court denied both motions. Pulsifer now appeals.
We affirm. A legal malpractice action requires a showing that an attorney “failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession [and] the attorney’s breach of this professional duty caused the plaintiffs actual damages” (McCoy v Feinman, 99 NY2d 295, 301-302 [2002] [internal quotation marks and citations *1338 omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C., 90 AD3d 1208, 1208-1209 [2011]). Here, although Pulsifer himself avers that based upon his legal experience he was not negligent in the advice and representation he provided to defendants, he failed to submit adequate proof establishing the applicable standard of care and whether he breached that standard. As Pulsifer failed to meet his initial legal burden of establishing his entitlement to summary judgment as a matter of law (see Jack Hall Plumbing & Heating, Inc. v Duffy, 100 AD3d 1082, 1084 [2012]), his summary judgment motion was properly denied.
Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.