# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1242**
**CA 16-00328**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

HOGAN WILLIG, PLLC, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

CARRIE W. KAHN, ALSO KNOWN AS CARRIE H. KAHN,
INDIVIDUALLY, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

HOGAN WILLIG, PLLC, AMHERST (LINDA LALLI STARK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

PERSONIUS MELBER LLP, BUFFALO (BRIAN M. MELBER OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 18, 2015. The order granted the motion of defendant Carrie W. Kahn, also known as Carrie H. Kahn, in her individual capacity, for summary judgment dismissing plaintiff's amended complaint against her in her individual capacity.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Dennis Alan Kahn (Kahn), the late husband of Carrie W. Kahn, also known as Carrie H. Kahn (defendant), was the owner of the law firm Siegel, Kelleher & Kahn (SKK). After being diagnosed with a serious health condition, Kahn approached a representative of plaintiff, a law firm, seeking to facilitate discussions about the possible acquisition of SKK by plaintiff. It is undisputed that discussions subsequently occurred that eventually led to plaintiff's acquisition of SKK's business, but the nature and extent of defendant's involvement in those discussions is in dispute. According to plaintiff, there were various misrepresentations and omissions regarding, among other things, SKK's financial state and liabilities, the quantity and value of SKK's client files, and the status of claims by creditors. Subsequent to Kahn's death, plaintiff commenced this action against SKK, and against defendant in her individual capacity and as the executrix of Kahn's estate, alleging various causes of action and seeking damages for losses it allegedly incurred in resolving the issues associated with the misrepresentations and omissions. As limited by its brief on appeal, plaintiff contends that Supreme Court erred in granting the motion of defendant, in her individual capacity, seeking summary judgment dismissing the amended complaint against her to the extent that it asserted causes of action

for fraudulent inducement, fraudulent concealment, and unjust enrichment.  We affirm.

As an initial matter, we reject plaintiff's contention that summary judgment was premature because it had not conducted depositions (*see generally* CPLR 3212 [f]).  Plaintiff failed to establish that facts essential to oppose the motion were in defendant's exclusive knowledge and possession, and its mere hope that conducting depositions would disclose evidence to prove its case is insufficient to support denial of the motion (*see Boyle v Caledonia-Mumford Cent. Sch.*, 140 AD3d 1619, 1621-1622; *Kremer v Sinopia LLC*, 104 AD3d 479, 481; *Denby v Pace Univ.*, 294 AD2d 156, 156-157).

Contrary to plaintiff's further contention, the court properly granted those parts of defendant's motion for summary judgment dismissing the fraudulent inducement and fraudulent concealment causes of action against her in her individual capacity.  "The elements of a fraud cause of action consist of a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 827, *rearg denied* 28 NY3d 956 [internal quotation marks omitted]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178).  In addition to the elements for fraudulent inducement, a cause of action for fraudulent concealment also requires a duty on the part of the defendant to disclose material information and the failure to do so (*see Mandarin Trading Ltd.*, 16 NY3d at 179).  It is undisputed that defendant established her entitlement to summary judgment as a matter of law by submitting proof in admissible form, including her affidavit, that demonstrated the absence of any triable issues of fact on the fraud causes of action (*see Estate of Giffune v Kavanagh*, 302 AD2d 878, 879; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

In opposition, plaintiff submitted, among other things, the affidavits of three of its attorneys who were involved in the acquisition discussions and who, for the first time, attributed to Kahn and defendant, collectively, specific misrepresentations and omissions that had been attributed solely to Kahn in the amended complaint.  Even assuming, arguendo, that there is a factual issue regarding whether defendant too made such misrepresentations and omitted material facts, we conclude that plaintiff's submissions in opposition to the motion failed to raise triable issues of fact regarding defendant's knowledge that the misrepresentations and omissions attributed to her and Kahn were false and her intent to induce plaintiff's reliance (*see Estate of Giffune*, 302 AD2d at 879). The record establishes that defendant was not an attorney and had no involvement with operating SKK's legal practice.  Other than general assertions of defendant's presence and involvement in the acquisition discussions, plaintiff's submissions establish only that the extent of defendant's alleged knowledge and the reason for her involvement were based upon her position as the spouse of Kahn—the individual with

specific knowledge of SKK's business—following his diagnosis and decision to divest SKK (*see generally MP Cool Invs. Ltd. v Forkosh*, 142 AD3d 286, 291).  Plaintiff also failed to raise a triable issue of fact whether its attorneys, who were experienced legal practitioners with managerial positions at an established law firm, justifiably relied on the misrepresentations and omissions to the extent that they were made by defendant (*see Evans v Lawrence Arms Assoc.*, 215 AD2d 717, 717-718).  Based on the foregoing, we conclude that the court properly granted those parts of defendant's motion for summary judgment dismissing the fraud causes of action against her in her individual capacity.

We also conclude that the court properly granted summary judgment dismissing the fraudulent concealment cause of action for the additional reason that defendant had no duty to disclose.  Plaintiff does not contend that defendant had a duty to disclose based upon a fiduciary or confidential relationship, and plaintiff's submissions fail to raise a triable issue of fact whether defendant had superior knowledge of essential facts rendering nondisclosure inherently unfair (*see Barrett v Freifeld*, 77 AD3d 600, 601-602).

Plaintiff also contends that the court erred in granting that part of defendant's motion for summary judgment dismissing the unjust enrichment cause of action, alleging that defendant in her individual capacity was enriched at plaintiff's expense based upon a presentation that it gave to defendant's creditors.  We reject that contention. " 'A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff . . . The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another' " (*Hayward Baker, Inc. v C.O. Falter Constr. Corp.*, 104 AD3d 1253, 1255).  Here, defendant met her initial burden by submitting her affidavit in which she averred that she negotiated resolutions with the subject creditors through counsel and paid the debts by agreement without any contribution from plaintiff.  Plaintiff failed to raise a triable issue of fact inasmuch as its submissions in opposition to the motion provide only conclusory and vague statements that defendant benefitted from plaintiff's involvement with the creditors, and plaintiff has asserted no facts suggesting that defendant was in possession of money belonging to it (*see id.; Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 987-988).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court