Rocco Rescelo & Son Plumbing & Heating, LLC v Plank, LLC (2021 NY Slip Op 01176)





Rocco Rescelo & Son Plumbing & Heating, LLC v Plank, LLC


2021 NY Slip Op 01176


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

530771

[*1]Rocco Rescelo & Son Plumbing & Heating, LLC, Plaintiff,
v
Plank, LLC, Defendant and Third- Party Plaintiff- Respondent; Dutch Village, LLC, et al., Third-Party Defendants- Appellants. (Action No. 1.)
Ronald W. Peter, Plaintiff,
v
Plank, LLC, Respondent, et al., Defendants, and Dutch Village, LLC, Appellant. (Action No. 2.)

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Hinman, Howard & Kattell, LLP, Albany (Paul C. Marthy of counsel), for third-party defendants-appellants in action No. 1 and appellant in action No. 2.
Whiteman Osterman & Hanna LLP, Albany (Christopher M. McDonald of counsel), for defendant and third-party plaintiff-respondent in action No. 1 and respondent in action No. 2.



Clark, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered December 3, 2019 in Schenectady County, which (1) in action No. 1, denied third-party defendants' motion to compel arbitration and permanently stay the third-party action, and (2) granted a motion by defendant Plank, LLC to, among other things, join action Nos. 1 and 2 and transfer venue of action No. 2 to Schenectady County.
In 2015, third-party defendant Albany Management, Inc., acting as agent for third-party defendant Dutch Village, LLC, entered into a contract with defendant Plank, LLC in which Plank agreed to serve as the general contractor for a construction project in the Town of Colonie, Albany County. However, in 2017, after multiple disputes arose concerning Plank's work, Plank and Albany Management entered into an agreement terminating the construction contract. In November 2018, plaintiff Rocco Rescelo & Son Plumbing & Heating, LLC — one of Plank's subcontractors — commenced action No. 1 in Schenectady County against Plank, asserting claims for breach of contract and account stated. Plank joined issue and asserted various affirmative defenses, as well as a counterclaim for breach of contract. Plank thereafter commenced — within action No. 1 — a third-party action against Albany Management and Dutch Village (hereinafter collectively referred to as third-party defendants), asserting claims for breach of contract, unjust enrichment and quantum meruit. Third-party defendants answered and asserted various affirmative defenses.
Meanwhile, in April 2019, plaintiff Ronald W. Peter — another of Plank's subcontractors — commenced action No. 2 in Albany County against, among others, Plank and Dutch Village, seeking to recoup damages for breach of contract and to foreclose on a mechanic's lien. Dutch Village answered and asserted various affirmative defenses, while Plank answered and asserted a counterclaim against Peter for breach of contract and a cross claim against Dutch Village for indemnification or contribution.
In July 2019, Plank moved to join action Nos. 1 and 2 for discovery purposes and to transfer venue of action No. 2 from Albany County to Schenectady County. Third-party defendants opposed the motion and thereafter moved to compel arbitration and to stay the third-party action pending arbitration of the dispute. Supreme Court denied third-party defendants' motion to compel arbitration and to stay the third-party action and granted Plank's motion to transfer venue of action No. 2 to Schenectady County and to join the two actions for discovery purposes. Third-party defendants appeal.
Third-party defendants argue that the issues raised in the third-party action are subject to arbitration under the terms of the construction contract and that, therefore, Supreme Court erred in denying their motion to stay the third-party action. We disagree.
"An agreement to arbitrate, and thereby 'surrender the right to resort to the courts,' must be in writing, 'must [*2]be clear, explicit and unequivocal and must not depend upon implication or subtlety'" (Matter of Alliance Masonry Corp. [Corning Hosp.], 178 AD3d 1346, 1347 [2019] [citations omitted], lvs denied 36 NY2d 901 [2020], quoting Matter of Waldron [Goddess], 61 NY2d 181, 183-184 [1984]). As relevant here, the contract provides that Albany Management, as the owner/engineer of the project, "shall decide any and all questions, which may arise, as to the quality and acceptability of materials furnished, work performed, rate of progress of work, . . . and all questions as to the acceptable fulfillment of the [c]ontract on the part of [Plank]." Under the contract, Albany Management's "decision as to the acceptability or adequacy of the work [is] final and binding." The contract further states that all claims "shall be presented to [Albany Management] for decision which shall be final except in cases where time and/or financial considerations are involved which shall be subject to arbitration."
The claims at issue in the third-party action flow from third-party defendants' objections to the quality, acceptability and rate of progress of Plank's work (including work completed by Rocco) and third-party defendants' refusal to pay Plank based upon those objections. Third-party defendants argue that these claims involve financial and time considerations and, thus, fall within the contract's arbitration provision. However, interpreting the arbitration provision in this broad manner would render meaningless the terms of the contract, granting Albany Management final decision-making authority over the quality and rate of progress of Plank's work. Upon review of the contract as a whole, we agree with Supreme Court that the arbitration provision is equivocal and self-contradictory. Accordingly, as we cannot say that the parties clearly and unequivocally agreed to arbitrate the disputes raised in the third-party action, there is no basis upon which to disturb Supreme Court's denial of the motion to compel arbitration and to stay the third-party action (see Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d 521, 525-526 [1979]; see generally Land Man Realty, Inc. v Weichert, Inc., 94 AD3d 1221, 1222 [2012]).
To the extent that third-party defendants challenge Supreme Court's determination to join action Nos. 1 and 2, we discern no abuse of discretion in such determination (see CPLR 602 [a]; see generally Gray v Serbalik, 264 AD2d 934, 935 [1999]). Any arguments not addressed herein were rendered academic by our decision or determined to be without merit.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.